**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **STEVE TURBEVILLE,** | ) | |
| **individually and on behalf of others** | ) | |
| **similarly situated,** | ) | |
| | ) | **CIVIL ACTION NO. _____** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **CANNON RESIDENTIAL** | ) | |
| **SERVICES, INC. d/b/a ABC** | ) | |
| **INSTALLATIONS and ALAN** | ) | |
| **CANNON.** | ) | |
| | ) | |
| **Defendants.** | | |

## COLLECTIVE ACTION COMPLAINT

1.      This complaint alleges Defendants Cannon Residential Services, Inc. d/b/a ABC Installations and Alan Cannon (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA") and its accompanying regulations willfully and without good faith by failing to pay Named Plaintiff Steve Turbeville and other similarly situated individuals (collectively "Plaintiffs") at one and a half times their regular hourly rate for all hours over 40 worked per week.

## SUMMARY OF THE ACTION

2.      This is a collective action for unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

1

3.    Plaintiffs are overtime non-exempt employees paid on an hourly basis.

4.    Plaintiffs are entitled to be paid 1.5 times their regular hourly rate for all hours over 40 worked per week.

5.    Plaintiffs routinely worked more than 40 hours per week during their employment with Defendants.

6.    Defendants knowingly failed to pay Plaintiffs 1.5 times for all hours over 40 worked per week.

7.    Defendants willfully misclassified Plaintiffs as alleged independent contractors in an attempt to justify failing to comply with the FLSA's provisions regarding the payment of overtime wages.

8.    Pursuant to FLSA § 216(b), *codified at* 29 U.S.C. § 216(b), Named Plaintiff Turbeville brings this case as a collective action on behalf of himself and all other similarly situated individuals.

9.    Named Plaintiff Turbeville seeks to represent a collective of all individuals who were employed by Defendants as hourly, non-exempt employees for at least one week during the three years preceding the filing of this complaint and who Defendants failed to pay 1.5 times their regular hourly rate for all hours over 40 worked per week.

## PARTIES, JURISDICTION, AND VENUE

10.    Named Plaintiff Steve Turbeville is a natural person who was employed by the Defendants as an overtime non-exempt hourly employee for at least one week in the three years preceding the filing of this action.

11.    Defendant Cannon Residential Services, Inc. d/b/a ABC Installations is a domestic profit corporation doing business in Georgia. Cannon Residential Services, Inc. may be served with process by serving its registered agent: Alan Cannon at 115 Kings Road, Athens, GA 30606.

12.    Defendant Allan Cannon is a natural person, resident of Georgia, and the founder, owner, and sole corporate officer of Cannon Residential Services, Inc. Cannon may be served with process wherever he may be found.

13.    Personal jurisdiction exists over Defendants because they have sufficient minimum contacts with the State of Georgia to confer personal jurisdiction.

14.    Defendants conduct business throughout Georgia, are registered to do business in Georgia, and maintain registered agents in Georgia. Defendants contract with and employ Georgia residents, have Georgia customers, market to residents of Georgia, and own real property in Georgia.

15.    This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et. seq*.

16.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants reside in the Middle District of Georgia and/or "a substantial part of the events or omissions giving rise to the claim occurred" in the Middle District of Georgia and in this Division.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' FLSA CLAIMS

*Defendants Employed Plaintiffs*

17.    At all material times, Defendants have employed Plaintiffs within the meaning of the FLSA.  29 U.S.C. § 203(d).

18.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.

19.    At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.00.

20.    At all material times, Defendants have been engaged in commerce or the production of goods for commerce.

21.    As the sole owner and corporate officer of Cannon Residential Services, Inc., Defendant Alan Cannon has sole and total control over all employment policies

and practices at Cannon Residential Services, Inc., including all employment policies and practices related to the payment of wages.

22.    Defendant Alan Cannon exercises significant control over the day-to-day functions of Cannon Residential Services, Inc., including the compensation of employees.

23.    Defendant Alan Cannon scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

24.    Defendant Alan Cannon determined the amount of wages Plaintiffs received.

25.    Defendant Alan Cannon had the authority to hire and fire the Plaintiffs.

*Defendants Knowingly Misclassify Plaintiffs as Independent Contractors*

26.    Defendants operate a construction and appliance installation business.

27.    Remodeling residential properties and installing appliances is the central function and purpose of Defendants' business.

28.    For the majority of Named Plaintiff Turbeville's employment with Defendants, Defendants knowingly unlawfully misclassified Plaintiffs as independent contractors.

29.     When Named Plaintiff Turbeville began working for Defendants on or around December 5, 2023, he was misclassified by Defendants as an independent contractor.

30.     In or around January 2024, Defendants decided to begin classifying Plaintiffs as employees paid IRS Form-W2 wages rather than independent contractors paid IRS Form-1099 income.

31.     For approximately a month in or around January 2024, Defendants classified Plaintiffs as employees rather than incorrectly misclassifying them as independent contractors.

32.     However, Defendants reversed their decision after approximately a month and began classifying Plaintiffs as independent contractors.

33.     Following the classification reversal, Named Plaintiff Turbeville was paid as an alleged independent contractor until his separation with the company on or around January 14, 2025.

34.     Upon information and belief Plaintiffs are currently classified as independent contractors.

35.     Plaintiffs are paid a fixed-hourly rate for all hours they performed work for Defendants.

36.     Plaintiffs cannot negotiate the pay they received for the work they performed for Defendants.

37.     Plaintiffs do not have the discretion to accept or decline jobs while working for Defendants.

38.     Plaintiffs do not exercise control over decisions regarding marketing or advertising regarding the work they perform for Defendants.

39.     Plaintiffs do not exercise control over decisions regarding the purchase of materials or equipment regarding the work the perform for Defendants.

40.     Plaintiffs do not exercise control over decisions regarding the hiring of additional workers regarding the work they perform for Defendants.

41.     Plaintiffs do not have any opportunity for profit or loss as to the work they perform for Defendants.

42.     Plaintiffs do not make any capital investments into Defendants' enterprise.

43.     Plaintiffs do not make any investments into Defendants' enterprise that are entrepreneurial in nature.

44.     Defendants set and control Plaintiffs' schedules.

45.     Defendants supervise Plaintiffs' performance of their work.

46.    Defendants required Plaintiffs to wear clothing with Defendants' branding on it.

47.    Defendants provided Plaintiffs with credit cards for purchasing supplies and materials for projects.

48.    Plaintiffs directly perform residential construction and appliance installation work that is integral to the Defendants' business.

49.    Plaintiffs do not use specialized skills that contribute to business like-initiative in their performance of construction and appliance installation work.

50.    Plaintiffs are Defendants' employees, not independent contractors.

*Defendants Willfully and Without Good Faith, Failed to Pay Plaintiffs 1.5 Time Their Regular Hourly Rate for All Hours Worked Over 40 Per Week.*

51.    Defendants pay Plaintiffs a regular hourly wage, paid on an hourly basis for all hours worked.

52.    Defendants do not pay Plaintiffs 1.5 times their regularly hourly rate for all hours over 40 worked per week.

53.    For example, Named Plaintiff Turberville was paid $28.00 per hour for all hours worked and was not paid any overtime premium for any hours worked over 40 hours in any week.

54.    Defendants knowingly misclassified Plaintiffs as independent contractors in an attempt to avoid paying Plaintiffs overtime wages.

55.     Defendants knew or should have known their failure to pay Plaintiffs 1.5 times their hourly rate for all hours over 40 worked per week violated the FLSA.

56.     Defendant Alan Cannon told Plaintiffs that he owed them overtime wages and would pay overtime wages, but Defendants failed to ever pay Plaintiffs overtime wages.

57.     Defendants' violations of the FLSA were willful and made without good faith.

## COUNT I: VIOLATION OF THE FLSA

58.     Plaintiff incorporates the preceding paragraphs by reference as if stated herein.

59.     Defendants employed Plaintiffs under the FLSA.

60.     Defendants unlawfully misclassified Plaintiffs as independent contractors.

61.     Plaintiffs regularly worked in excess of forty (40) hours in a standard workweek.

62.     Defendants were aware of, permitted, and required Plaintiffs' to work overtime hours.

63.     Plaintiffs were only paid their regular hourly rate for all hours worked, including all hours over forty (40) hours each week.

64. Plaintiffs are not exempt from the overtime requirements of the FLSA.

65. For every hour worked in excess of forty (40) hours, Plaintiffs were entitled to one and one-half times the regular rate at which each Plaintiff was employed, pursuant to 29 U.S.C. § 207(a)(2).

66. Defendants failed to pay Plaintiffs 1.5 times their regular hourly wage for all hours over 40 worked per week as mandated by the FLSA in some or all of the weeks in which Plaintiffs were employed by the FLSA and worked over 40 hours.

67. Defendants knew their conduct violated the FLSA or showed reckless disregard as to whether their conduct violated the FLSA.

68. Defendants' failure to pay Plaintiffs appropriate overtime wages in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

69. Defendants are each liable, severally and jointly, to Plaintiffs for failing to pay Plaintiffs overtime pursuant to the Fair Labor Standards Act.

70. Such failure to pay overtime wages in violation of the Fair Labor Standards Act damaged Plaintiffs in an amount to be proven at trial on this matter, and Plaintiffs are entitled to back-owed overtime wages, liquidated damages, attorneys' fees, and expenses in accordance with 29 U.S.C. § 216(b).

10

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand the following:

a) That process issue and the Defendants be served according to law;

b) That Plaintiffs be granted a trial by jury;

c) That this action be certified as a collective action pursuant to FLSA § 216(b), with the Named Plaintiff designated a representative of the collective and their counsel of record designated as counsel for the collective.

d) That this Court approve the issuance of a notice of this lawsuit to all individuals similarly situated to Plaintiffs with respect to Defendants violations of the FLSA informing those individuals of their right to join this action.

e) That Defendants be found to have willfully and intentionally violated the Fair Labor Standards Act;

f) That judgment be entered in favor of Plaintiffs for three (3) years of back-owed regular and overtime wages;

g) That Plaintiffs be awarded pre-judgment interest;

h) That liquidated damages be awarded to Plaintiffs in an amount equal to their unpaid wages;

11

i) That Plaintiffs recover their attorneys' fees, costs, and expenses of litigation pursuant to 29 U.S.C. § 216(b);

j) Fair and reasonable incentive payments to Plaintiff for bringing this action; and

k) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all issues so triable.

Respectfully submitted: January 28, 2025.

*/s/ J. Daniel Cole*
**J. Daniel Cole**
Georgia Bar No. 450675
dcole@pcwlawfirm.com
**Evan P. Drew**
Georgia Bar No. 747993
edrew@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
1335 Peachtree NE, Suite 2000
Atlanta, GA 30309
Telephone: 404-873-8000

*Counsel for Plaintiff*